Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER
PO Box 7584
Missoula, MT 59807
406-531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Ann Sherwood
Justin Kalmbach
PUBLIC DEFENDERS' OFFICE
CONFEDERATED SALISH & KOOTENAI
TRIBES OF THE FLATHEAD RESERVATION
P.O. Box 278
Pablo, MT 59855
406-675-2700 x1125
justin.kalmbach@ckst.org
anns@ckst.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| ANTHONY CHANEY, on behalf of himself and a class of persons similarly situated, ) ) ) | CV-14-    -M- |
| Plaintiffs, ) ) | **COMPLAINT and JURY DEMAND** |
| v. ) ) | |
| DANIEL WADSWORTH, individually and ) as RONAN POLICE CHIEF; TREVOR ) WADSWORTH; KIM AIPPERSPACH, ) | |

individually and as CITY OF RONAN )
MAYOR; CITY OF RONAN; CITY OF )
RONAN POLICE DEPARTMENT; and )
DOES 1-10. )
)
           Defendants. )
)
)
)

---

# INTRODUCTION

1.    This is an action for deprivation of civil rights under color of law, and for assault and battery, negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of the City of Ronan and certain of its police officers and/or agents that resulted in the unlawful arrests of Plaintiff Anthony Chaney and other similarly situated individuals. This case is brought as a class action under FRCP 23.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

3.    Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. § 1367.

4.    Venue in this case is proper under 28 U.S.C. § 1391 and LR 1.2. Ronan is located in the Missoula Division of the United States District Court for the District

of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5.     Because Plaintiff Anthony Chaney makes no allegations against the State of Montana, pursuant to MCA § 2-9-301, he is not required to file administrative claims against the City of Ronan prior to filing this action.

## THE PARTIES

6.     Plaintiff Anthony Chaney is an enrolled member of the Confederated Salish and Kootenai Tribes, a citizen of the State of Montana, and a resident of Lake County, Montana.

7.     At all times relevant to this Complaint, Defendant Trevor Wadsworth was a citizen of the State of Montana and a resident of Lake County, Montana. Defendant Trevor Wadsworth was an employee or agent of the City of Ronan Police Department at all times pertinent to this matter. He is sued in both his individual and official capacities.

8.     At all times relevant to this Complaint, Defendant Daniel Wadsworth was a citizen of the State of Montana and a resident of Lake County, Montana. Defendant Daniel Wadsworth was an employee of the City of Ronan Police Department at all times pertinent to this matter. He is sued in both his individual capacity and in his official capacity as City of Ronan Police Chief.

9.     At all times relevant to this Complaint, Defendant Kim Aipperspach was a citizen of the State of Montana and a resident of Lake County, Montana. Defendant Aippersbach was mayor of the City of Ronan at all times pertinent to this matter. He is sued in both his individual capacity and in his official capacity as mayor of the City of Ronan.

10.    Defendant City of Ronan is a municipality of the State of Montana and is located in Lake County.

11.    Defendant City of Ronan Police Department is a law enforcement agency of the City of Ronan.

12.    Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted as described more particularly below in connection with the breaches of duties and/or violations of law alleged in this Complaint and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS SPECIFIC TO ANTHONY CHANEY

13.     Plaintiff Anthony Chaney and his brother Donald Chaney were socializing at the Second Chance bar in Ronan, Montana on July 14, 2013.

14.     Donald Chaney, a combat veteran who suffers from PTSD episodes, began to have a PTSD episode while outside the bar in the smoking area. Anthony, who had experience with Donald's PTSD episodes in the past, guided Donald to a grassy area in a nearby park and held him down and attempted to calm him down during Donald's periodic outbursts.

15.     City of Ronan police officers, including Defendant Trevor Wadsworth, Officer Matt Meyers, Officer Swan, and Defendant Daniel Wadsworth responded to a report of a fight in progress behind the Second Chance bar.

16.     When the officers arrived to Donald and Anthony's location, Anthony had been holding Donald for more than an hour. Anthony informed the officers that Donald was a combat veteran who had PTSD, and that he was restraining and calming Donald.

17.     The officers pulled Anthony away from Donald and restrained Donald with handcuffs. Defendant Trevor Wadsworth, who was not in uniform, told Anthony that he was under arrest and placed Anthony in handcuffs as well. Defendant Trevor Wadsworth forced Anthony to the ground, injuring Anthony's neck in the process.

18.     Confederated Salish Kootenai tribal officers responded to the scene and took Donald into custody and uncuffed Anthony and gave him a ride home.

19.     Anthony was never charged with any crime from the incident.

## GENERAL ALLEGATIONS

20.    At all times relevant to this Complaint, and as early as May of 2011, Defendant Trevor Wadsworth was not eligible to serve as a peace officer in the State of Montana.

21.    At all times relevant to this Complaint, and as early as May of 2011, Defendant Trevor Wadsworth was aware that he was not eligible to serve as a peace officer in the State of Montana.

22.    At all times relevant to this Complaint, and as early as May of 2011, Defendant Daniel Wadsworth was aware that Defendant Trevor Wadsworth was not eligible to serve as a peace officer in the State of Montana.

23.    At all times relevant to this Complaint, the City of Ronan employed other persons in addition to Defendant Trevor Wadsworth as City of Ronan police officers who also were not eligible to serve as peace officers in the State of Montana.

24.    At all times relevant to this Complaint, Defendant Daniel Wadsworth was aware that certain persons employed as City of Ronan police officers were not eligible to serve as peace officers in the State of Montana.

25.    In December of 2010, Defendant Daniel Wadsworth falsely certified that Defendant Trevor Wadsworth was a City of Ronan police officer on Defendant Trevor Wadsworth's application to the Montana Law Enforcement Academy.

26.    Defendant Trevor Wadsworth never completed the basic law enforcement course at the Montana Law Enforcement Academy, or any other law enforcement academy.

27.    In May of 2011, the City of Ronan hired Defendant Trevor Wadsworth as a police officer.

28.    Pursuant to MCA §7-32-303(5), peace officers in Montana must "attend and successfully complete, within 1 year of the initial appointment, an appropriate peace officer basic course certified by the Montana public safety officer standards and training council." Any peace officer who fails to complete the basic course "forfeits the position, authority, and arrest powers accorded a peace officer in this state."

29.    At all times relevant to this Complaint, Defendant Trevor Wadsworth had not successfully completed the basic course required by MCA §7-32-303(5).

30.    On November 2, 2012, Clayton Coker, Acting Executive Director of the Montana Public Safety Officer Standards & Training Council, wrote a letter to Defendant Kim Aipperspach, informing him that Defendant Trevor Wadsworth was not eligible to serve as a peace officer in the State of Montana, and that Defendant Trevor Wadsworth "may not act as a peace officer" in Montana "until he successfully completes the Academy." The letter was copied to Defendant Daniel Wadsworth and the City of Ronan city attorney.

31.    Defendant Trevor Wadsworth continued to be employed by the City of

Ronan as a police officer after November 12, 2012 and at least until the incident on

July 14, 2013 at issue in this lawsuit.

## DEFINITION OF THE PLAINTIFF CLASS

32.    Plaintiff Anthony Chaney brings this action individually and on behalf of a

Class defined to include:

> All persons subject to Fourth Amendment search or seizure by Trevor
> Wadsworth or other ineligible peace officers acting as City of Ronan police
> officers.

33.    Excluded from the Class are all City of Ronan employees, any judge or

magistrate presiding over this action and members of their families, and all persons

who properly execute and file a timely request for exclusion from the Class.

34.    Numerosity: Plaintiff Anthony Chaney is unable to state the size of the class,

but believes that it is comprised of more than 100 individuals, some of whom may

reside outside of Montana. The Class is ascertainable and identifiable. The precise

number of members of the Class can only be ascertained through discovery, which

includes Defendants' arrest records.The class is sufficiently numerous and

dispersed that joinder of all its members is impracticable.

35.    Commonality: Questions of law and fact common to the Class exist for all

members of the Class and predominate over any questions affecting only

individual members of the Class. These common legal and factual issues include

the following:

a. Whether the Class members were arrested by Defendant Trevor Wadsworth or some other ineligible City of Ronan peace officer;

b. Whether arrests of Class members by Defendant Trevor Wadsworth or some other ineligible City of Ronan peace officer were dismissed or prosecuted; and

c. Whether Class members are entitled to actual damages and if so, the appropriate amount of damages.

36.    Typicality: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of the City of Ronan's conduct in hiring, training, and supervising peace officers; the eligibility status of the City of Ronan's police officers who arrested Class members; and whether the arrests were eventually prosecuted by the City of Ronan.

37.    Adequate Representation: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions.

38.    Predominance and Superiority: This Class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is

impracticable. Should individual Class Members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this Class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## COUNT 1

## 42 USC § 1983

39.     Anthony Chaney hereby incorporates all of the allegations contained in all prior paragraphs.

40.     At all times in which they interacted with Anthony on July 14, 2013, Defendants acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City of Ronan and the City of Ronan Police Department.

41.     At all times in which they interacted with Anthony on July 14, 2013, Defendants acted within the course and scope of their employment.

42.     Defendants apprehended Anthony, handcuffed Anthony, and arrested Anthony without probable, sufficient, just, or reasonable cause in violation of

rights guaranteed to him under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

43.     Defendant Trevor Wadsworth used unnecessary and unwarranted force to restrain and arrest Anthony.

44.     This unnecessary and unwarranted use of force was an unlawful and excessive use of force to make an arrest, in violation of Anthony's rights.

45.     Defendants City of Ronan and City of Ronan Police Department established policies that caused the violation of Anthony's rights under the United States Constitution.

46.     Defendants City of Ronan and City of Ronan Police Department were deliberately indifferent to and acted in conscious disregard for the need to train, supervise, and discipline their law enforcement officers and reserve officers with respect to the use of force, arresting individuals, and investigating the misconduct of law enforcement officers.

47.     Defendants City of Ronan and City of Ronan Police Department were deliberately indifferent to and acted in conscious disregard for the need to hire police officers eligible to serve as peace officers in Montana.

48.     The policies adopted by Defendants City of Ronan and City of Ronan Police Department regarding hiring, training, supervision, and discipline amounted to deliberate indifference to Anthony's constitutional rights, and amounted to deliberate indifference to the constitutional rights of all Class members.

49.     The individuals who violated Anthony's and Class members' statutory and constitutional rights included officials with final policy-making authority, thus the constitutional violations were acts of official governmental policies.

50.     Defendants City of Ronan and City of Ronan Police Department, through their policies, ordinances, regulations, customs, official decisions, and failure to hire eligible individuals, or train, supervise, or discipline endorsed law enforcement officers' and reserve officers' unlawful arrests and application of excessive force.

51.     Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Anthony's and Class members' constitutional deprivations, injuries, and damages.

## COUNT 2

## MONTANA CONSTITUTIONAL RIGHTS

52.     Anthony Chaney hereby incorporates all of the allegations contained in all prior paragraphs.

53.     Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Anthony and Class members have the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in their persons, papers, hone, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

54.    Defendants' acts and omissions related to the incident involving Anthony on July 14, 2013 violated Anthony's constitutional rights.

55.    Defendants' acts and omissions related to arrests of Class members by reserve officers and police officers who were ineligible to serve as peace officers in Montana violated Class members' constitutional rights.

56.    Anthony and Class members have the right to seek recourse against those who violate their constitutional rights.

57.    Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Anthony's and Class members' constitutional deprivations, injuries, and damages, and Anthony and Class members are entitled to compensatory damages and attorneys' fees for Defendants' violations of their state constitutional rights.

## COUNT 3

## NEGLIGENCE

58.    Anthony Chaney hereby incorporates all of the allegations contained in all prior paragraphs.

59.    At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Anthony's and Class members' constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and includes negligent hiring, negligent use of excessive force; negligent

training, supervision, and discipline of law enforcement officers and reserve

officers; negligent enactment, enforcement, and violation of law enforcement

policies and procedures; negligent violation of Anthony's and Class members'

constitutional, statutory, and common law rights; and negligent performance of

official duties.

60.     As a direct and proximate result of Defendants' negligence, Anthony and

Class members suffered severe physical and emotional injuries.

## COUNT 4

### ASSAULT AND BATTERY

61.     Anthony Chaney hereby incorporates all of the allegations contained in all

prior paragraphs.

62.     Defendant Trevor Wadsworth intentionally made harmful or offensive

contact with Anthony. Defendant's use of force exceeded that necessary to restrain

Anthony.

63.     Defendants' intentional acts constituted assault and battery upon Anthony,

and directly and proximately caused Anthony to suffer physical and emotional

injury.

## COUNT 5

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     Anthony Chaney hereby incorporates all of the allegations contained in all

prior paragraphs.

65.    Defendants' intentional acts or omissions caused serious or severe emotional distress to Anthony and Class members. This emotional distress was a reasonably foreseeable consequence of Defendants' conduct.

66.    As a direct and proximate result of Defendants' wrongful conduct, Anthony and Class members suffered serious and severe emotional distress that no reasonable person would be expected to endure.

## COUNT 6

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67.    Anthony Chaney hereby incorporates all of the allegations contained in all prior paragraphs.

68.     Defendants' negligent acts or omissions caused serious or severe emotional distress to Anthony and Class members. This emotional distress was a reasonably foreseeable consequence of Defendants' conduct.

69.    As a direct and proximate result of Defendants' wrongful conduct, Anthony and Class members suffered serious and severe emotional distress that no reasonable person would be expected to endure.

### COMPENSATORY DAMAGES

70.    As a direct result of Defendants' unlawful conduct, Anthony and Class members suffered violations of their constitutional rights as set forth above.

71.    As a direct and proximate result of Defendants' unlawful conduct, Anthony and Class members suffered physical and emotional pain and injuries.

72.    As a direct and proximate result of Defendants' unlawful conduct, Anthony and Class members suffered serious and severe emotional distress.

73.    As a direct and proximate result of Defendants' unlawful conduct, Anthony and Class members suffered a loss of their established course of life.

## PUNITIVE DAMAGES

74.    Anthony has filed this class action against individual Defendants in their individual capacities.

75.    Defendants acted knowingly, deliberately, intentionally, and maliciously without regard for Anthony's and Class members' rights, interests, and well-being.

76.    Defendants exhibited a reckless or callous disregard for Anthony's and Class members' constitutional, statutory, and common law rights; Defendants intentionally violated federal and state law; and/or Defendants' conduct was precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§ 1983 and 1985 in an amount sufficient to punish them and deter others from like conduct, in an amount to be determined at trial.

77.     Defendants' unlawful acts and omission were willful and/or reckless; Defendants deliberately acted with indifference to the high probability of injury to Anthony and Class members. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221 in the amount sufficient to punish Defendants and to serve as a warning to other persons similarly situated that conduct of the kind engaged in by individual Defendants is unacceptable in our society and will not be tolerated.

## ATTORNEYS' FEES

78.     Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Anthony and Class members if they prevail on claims asserted under 42 USC § 1983.

79.     Anthony and Class members are entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Anthony demands a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Anthony Chaney respectfully requests this Court to grant the following relief:

1.     For damages in a reasonable amount to compensate Anthony and Class members fully for deprivation of their constitutional rights;

2.    For damages in a reasonable amount to compensate Anthony and Class members fully for past and future emotional distress;

3.    For damages in a reasonable amount to compensate Anthony and Class members fully for the loss of their established course of life;

4.    For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

5.    For attorneys' fees pursuant to 42 USC § 1988;

6.    For reimbursement of costs and expenses of suit; and

7.    For such further relief as the Court deems fair and just.

Dated this 3rd day of June, 2014.

Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Ann Sherwood
Justin Kalmbach
CONFEDERATED SALISH KOOTENAI
TRIBES PUBLIC DEFENDERS' OFFICE

/s/Timothy M. Bechtold

Attorneys for Plaintiff