IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ANTHONY CHANEY, on behalf of himself and a class of persons similarly situated, | | CV 14–177–M–DWM–JCL |
| Plaintiffs, | | ORDER |
| vs. | | |
| DANIEL WADSWORTH, individually and as RONAN POLICE CHIEF; TREVOR WADSWORTH; KIM AIPPERSPACH, individually and as CITY OF RONAN MAYOR; CITY OF RONAN; CITY OF RONAN POLICE DEPARTMENT; and DOES 1-10, | | |
| Defendants. | | |

Before the Court are the following motions: (1) the parties' cross-motions for partial summary judgment and (2) Defendants' motion to deny class certification.[1] On May 19, 2015, United States Magistrate Judge Jeremiah Lynch entered findings, recommending this Court grant-in-part Defendants' motion for partial summary judgment, deny Plaintiff Anthony Chaney's ("Chaney") motion

---

[1] Defendant Kim Aipperspach filed a motion for partial summary judgment, (Doc. 42), in which all other Defendant joined, (Docs. 45, 47, & 48). Defendant Trevor Wadsworth filed a motion to deny class certification, (Doc. 55), in which all other Defendants joined, (Docs. 66, 67, & 68).

1

for partial summary judgment, and grant Defendants' motion to deny class certification. (Doc. 89.) The Court agrees.

The parties are entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). Chaney filed objections on June 1, 2015, (Doc. 90), and Defendants filed responses on June 10, 2015, (Docs. 91, 92). As the parties are familiar with the factual background, it will not be restated here.

## ANALYSIS

## I. Partial Motions for Summary Judgment

Chaney objects to the Findings as they discuss the partial motions for summary judgment, insisting that Chaney's § 1983 claims were not before the Court, but rather a limited question of Montana law was to be decided. Chaney primarily argues that the Court should decide the question of whether the peace officer statutes were violated. Chaney also objects to Judge Lynch's factual

characterization of the scene upon the officers' arrival. Chaney's objections are overruled.

## A.     Chaney's § 1983 Claims

Judge Lynch correctly determined that Chaney's § 1983 claims fail as a matter of law to the extent they rely solely on violations of state law or the Renewal Agreement. *See Virginia v. Moore*, 553 U.S. 164, 176 (2008); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). Partial summary judgment was properly granted in favor of Defendants on this premise.[2] Chaney's objection is overruled. No determination is made on the viability of Chaney's § 1983 claims that do not rely solely on violations of Montana law. To the extent these claims may still have merit, they are not the subject of the present motions.

## B.     Montana's Peace Officer Statutes

Chaney is correct that the parties' briefing focuses primarily on the question of whether or not Ronan allowed Defendant Trevor Wadsworth to act as a reserve police officer in violation of Montana Code Annotated § 7-32-201. And, this question was posed early on in the case. (*See* Scheduling Or., Doc. 34 at ¶ 1.)

---

[2]     Chaney argues that this § 1983 argument was not made until Defendants' reply on the Motion to Deny Certification. This is incorrect. Defendants' brief in support of their Motion for Partial Summary Judgment specifically referenced this contention, (Doc. 43 at 9), and Chaney had an opportunity to respond.

However, through the parties' briefing and consideration of the case as a whole, it has become apparent that the answer to this question is not dispositive of Chaney's current class certification request and not solely determinative of any one cause of action brought by Chaney. Cases are generally considered and addressed in the context of the causes of action that have been brought. Notably, as argued by Defendants, Chaney's Amended Complaint does not request a declaration that Ronan's use of reserve officers is in violation of Montana law or include an independent claim for violation of these statutes. Therefore, partial summary judgment in favor of either party on this question alone would be premature and is inappropriate. *Antenor v. D & S Farms*, 39 F. Supp. 2d 1372, 1375 n.4 (S.D. Fla. 1999); *see also Joselyn Mfg. Co. v. Liberty Mut. Ins. Co.*, 939 F. Supp. 603, 610 (N.D. Ill. 1996) (concluding summary judgment was not appropriate because "[t]he findings that the parties request could not dispose of an entire claim"). This determination does not preclude the parties from arguing the causes of action plead in the Amended Complaint and, if appropriate, relying on or citing to those arguments already briefed. Chaney's objection is overruled.

### C.    Fact Statement

In the Findings, Judge Lynch characterizes the officers' arrival at the scene in the following manner: "Upon arriving at the scene, the officers observed what

appeared to be two individuals engaged in a fight." (F&R, Doc. 89 at 2.) Chaney objects to this recital, insisting the officers did not view a "fight in progress" but rather "one male holding down another male who was yelling that he was going to kill somebody." (Obj., Doc. 90 at 8.) However, because the record supports Judge Lynch's characterization of the situation, Chaney's objection is overruled. (*See* Defendants' SUF, Doc. 44 at ¶¶ 26-30 (describing the progression of events, noting the incident began with report of a "fight in progress").).)

## II.    Class Certification

Chaney also objects to the scope of Judge Lynch's determination that class certification is not appropriate and requests clarification of whether or not he may seek certification of a negligence-based class unrelated to a § 1983 claim. Chaney has since moved to certify a class on state law grounds, (Doc. 95), which Judge Lynch will address in the first instance. As for Chaney's federal class claims, Judge Lynch is correct that class certification of these claims is not appropriate under Rule 23.[3]  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011). Chaney's objections on the motion to certify are overruled.

---

[3]      The Amended Complaint does not raise a class claim for Chaney's § 1983 allegations that are not predicated on a violation of state law, i.e., an allegation of arrest without probable cause or the use of excessive against putative class members. (Doc. 36 at ¶¶ 48-49; *see also* Chaney's Resp., Doc. 70 at 7-8 (stating that "the basis of the class claims is that the uncertified Ronan officers had no authority to arrest the class members at all, irrespective of whether probable cause existed to arrest each class member").)

**CONCLUSION**

Finding no clear error for the remaining portions of the Findings and Recommendation that were not specifically objected to, IT IS ORDERED that the Findings and Recommendation (Doc. 89) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants' motions for partial summary judgment (Docs. 42, 45, 47, & 48) are GRANTED IN PART and DENIED IN PART. They are GRANTED insofar as that Defendants' alleged violation of Montana statutory law cannot, as a matter of law, serve as a predicate ground for Chaney's claims under 42 U.S.C. § 1983. They are DENIED in all other respects.

IT IS FURTHER ORDERED that Chaney's motion for partial summary judgment (Doc. 49) is DENIED.

IT IS FURTHER ORDERED that Defendant Trevor Wadsworth's motion to deny class certification (Doc. 55) is GRANTED with respect to Chaney's federal claims.

Dated this 1st day of July, 2015.

```
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
```