IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY CHANEY, on behalf of himself and a class of persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DANIEL WADSWORTH, individually and as RONAN POLICE CHIEF; TREVOR WADSWORTH; KIM AIPPERSPACH, individually and as CITY OF RONAN MAYOR; CITY OF RONAN; CITY OF RONAN POLICE DEPARTMENT; and DOES 1-10,<br><br>Defendants. | CV 14-177-M-DWM-JCL<br><br>ORDER |

Before the Court are motions for summary judgment filed by each defendant requesting dismissal of Plaintiff Anthony Chaney's ("Chaney") remaining claims under both federal and state law.[1] On September 24, 2015, United States Magistrate Judge Jeremiah Lynch entered findings, recommending the motions be granted and the action dismissed. (Doc. 162.) The Court agrees.

---

[1] The Court declined to exercise supplemental jurisdiction over Chaney's claims based on Montana's Officer Statutes and they were dismissed without prejudice. (Doc. 161.)

1

Parties are entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). On October 1, 2015, Chaney filed his objections. (Doc. 165.) On October 7, 2015, the defendants filed their responses to those objections. (Docs. 166, 167, 168.) Because the parties are familiar with the factual background, it will not be restated here.

Chaney does not objet to the dismissal of his federal civil rights claims, but takes issue with several of Judge Lynch's factual findings and asks that instead of ruling on Chaney's remaining state claims, the Court should decline supplemental jurisdiction and dismiss them without prejudice. Contrary to Chaney's objections, Judge Lynch's factual findings are supported by the record and Chaney's remaining claims are dismissed on the merits.

I. **Substantive Objections**

"[I]n ruling on a motion for summary judgment, the evidence of the

nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (per curiam) (internal quotation marks and alterations omitted). Chaney objects to a number of Judge Lynch's factual determinations, insisting that Chaney was not told to get off Donald and that Donald, having one arm trapped under his body, could not "flail." Even if the Court were to assume that the officers did not tell Chaney to get off of Donald or that Donald's swinging of limbs did not rise to the level of "flailing," it was objectively reasonable for the officers to believe an assault was in progress, (Defs. SUF, Doc. 101[2] at ¶ 11 (officers were responding to a fight in progress); *id.* at ¶¶ 13, 14 (noting that when the officers arrived, one man was on top of another, there was screaming and yelling, and it looked like the two were fighting)), it was objectively reasonable for the officers to believe that Chaney was obstructing an officer, (*id.* at ¶¶ 19, 47, 48, 54, 60, 64 (Chaney was yelling, swearing, and threatening officers)), and the force used was not excessive, (*id.* at ¶ 18 (stating that Chaney was "lifted" off of Donald); *id.* at ¶ 77 (noting that Chaney suffered only a scratch to his throat that needed no medical attention)). Viewing the evidence in a light most favorable to Chaney, the officers' actions were

---

[2] Chaney filed a Statement of Disputed Facts in response to this statement. (Doc. 133.) The Court has relied only on those portions of Doc. 101 that were not specifically disputed by Chaney.

3

reasonable under the circumstances and under the law. Accordingly, summary judgment as to Chaney's remaining claims is appropriate.

## II. Nature of the Dismissal

This Court's previous order declining to exercise supplemental jurisdiction over Chaney's state law negligence claims was narrow in scope. It was directed at those claims based on alleged violations of Montana statutes relating to the training, certification, and eligibility of officers over which the assertion of federal jurisdiction would not be appropriate. Chaney has provided no argument nor justification for the Court taking a similar action as to those state law claims that have no relation to Montana's officer statutes and do not raise the same comity concerns. To the contrary, Chaney's remaining state claims directly relate to the officers' use of force. Having asserted supplemental jurisdiction over Chaney's remaining claims, they are dismissed on the merits.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 162) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that the defendants' motions (Docs. 97, 99, 102, and 105) are GRANTED-IN-PART and DENIED-IN-PART. They are GRANTED as to the balance of Chaney's claims that remain in this action, and those claims are DISMISSED. They are DENIED as MOOT as to those claims

4

over which this Court has already declined to exercise supplemental jurisdiction. (*See* Doc. 161.)

IT IS FURTHER ORDERED that all outstanding motions are DENIED as MOOT and all deadlines VACATED.

IT IS FURTHER ORDERED that the trial set for October 26, 2015, is VACATED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of the defendants and against the plaintiff and close this case.

Dated this 13th day of October, 2015.

Donald W. Molloy, District Judge
United States District Court